IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRIAN MAHONEY, et al.,** | * | |
| **Plaintiffs,** | * | |
| v. | * | |
| | | **CIVIL NO. JKB-22-0127** |
| **iPROCESS ONLINE, INC., et al.,** | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Accounting of Damages. (ECF No. 27.) The Court previously granted in part Plaintiffs' Motion for Default Judgment and directed Plaintiffs to provide an accounting of their damages and additional relief. (*See* ECF No. 18 (Motion for Default Judgment); ECF Nos. 23, 24 (Mem. and Order).) The Court will direct Plaintiffs to supplement their accounting.

Plaintiffs each calculated their damages for their breach of contract claims using the following method: they combined their total misappropriated earned wages and expected employer contributions for the relevant period; calculated an average rate of return for the relevant period; and determined an anticipated return on investment by multiplying the two figures. For instance, Plaintiff Brian Mahoney alleges that, between 2014 and 2021, the total amount of employee and employer contributions iProcess wrongly failed to deposit into his 401(k) account is $88,738.75, comprised of $80,671.23 of Mahoney's earned wages and $8,067.52 in employer contributions. (ECF No. 27 at 6–8.) Over that period of time, the average rate of return for the 401(k) account was 10.9%. (*Id.* at 8.) Mahoney calculated 10.9% of $88,738.75 and, adding that to $88,738.75, reached a total of $98,411.27. (*Id.*)

1

However, it is not clear why Plaintiffs chose this method to calculate the return that would have accrued had the misappropriated funds been deposited into their 401(k) accounts. This method of calculating Plaintiffs' anticipated returns appears to substantially undercompensate the Plaintiffs, as it does not take into account the compounding effect of the return on investment. Given this apparent error in calculating the appropriate return on investment, the Court will direct Plaintiffs to provide supplemental briefing regarding the appropriate method for calculating the lost return on their investment and relevant authority for such method, as it is Plaintiffs' burden to establish entitlement to recovery.

Moreover, in addition to the amounts described above for the breach of contract claims, each Plaintiff also seeks that same amount for the negligent misrepresentation claim, explaining that "compensatory damages are appropriate in addition to [their] actual economic damages" because they have lost "years of retirement savings growing as it should have[.]" (ECF No. 27 at 8, 12, 16.) However, the compensatory damages in this case *are* the economic damages. And the anticipated return calculated by the Plaintiffs (although incorrectly calculated, as discussed above) is presumably meant to represent the "years of retirement savings growing as it should have." It is not clear why Plaintiffs would need double the lost wages, double the employer contributions, or double the profit (calculated correctly) to make them whole. *See Legacy Inv. & Mgmt., LLC v. Susquehanna Bank*, No. CIV. WDQ-12-2877, 2014 WL 5325757, at *6 (D. Md. Oct. 17, 2014) ("Under the 'one wrong, one recovery rule,' a 'plaintiff may not recover damages twice for the same injury simply because he has two legal theories.'" (quoting *Montgomery Ward & Co., Inc. v. Cliser*, 298 A.2d 16 (1972))).

Accordingly, it is hereby ORDERED that Plaintiffs are DIRECTED to provide supplemental briefing by June 27, 2023 regarding the appropriate method of calculating their

expected return on investments over the course of the relevant period, along with relevant authority for their position, and to provide updated calculations with respect to their compensatory damages.

DATED this 13 day of June, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge